# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| MITCHELL CALHOUN,              ) | |
|     Plaintiff,              ) | |
|                                       ) | |
|     v.              ) | CAUSE NO.: 2:06-CV-326-PRC |
|                                       ) | |
| THE CITY OF GARY, INDIANA,              ) | |
|     Defendant.              ) | |

## FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
## OPINION AND ORDER FOR ENTRY OF FINAL JUDGMENT

This is an action by Plaintiff Mitchell Calhoun ("Plaintiff") against Defendant the City of Gary, Indiana ("Defendant"), originally brought to recover for alleged age discrimination, retaliation, and wrongful discharge related to Defendant's decision to terminate Plaintiff from his employment with the City of Gary. This matter came before the Court for bench trial on September 1, 2009. At the Final Pretrial Conference, as well as at the September 1, 2009 bench trial, Plaintiff indicated that he withdrew the age discrimination claim and was instead pursuing a claim under the 14th Amendment of the United States Constitution, alleging that the City violated his rights by terminating him for conduct that occurred after work hours.

At the September 1, 2009 bench trial, Plaintiff appeared in person, *pro se*, and the Defendant appeared by Attorney Carl C. Jones. Plaintiff presented evidence and rested. At the conclusion of Plaintiff's case-in-chief, Defendant moved for judgment against Plaintiff on all claims pursuant to Federal Rule of Civil Procedure 52(c). The Court took the oral motion under advisement. Defendant then presented evidence and rested. Plaintiff provided rebuttal evidence in the form of exhibits. The Court then orally denied Defendant's Motion under Rule 52(c).

After hearing all of the evidence, taking into account the credibility of the witnesses, and considering the parties' pleadings and the exhibits admitted into evidence, the Court hereby makes findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52(a) and orders entry of final judgment.

## PROCEDURAL BACKGROUND

Plaintiff, who was then represented by counsel, filed a Complaint on September 29, 2006, alleging age discrimination and retaliation under the Age Discrimination in Employment Act ("ADEA"), and wrongful discharge related to Defendant's decision to terminate him. On October 17, 2006, Defendant filed an Answer.

The Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue is proper under 28 U.S.C. § 1391(b)(2). To the extent that Plaintiff alleges wrongful discharge under Indiana law, the Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

The parties, by counsel, filed written consents for the Magistrate Judge to conduct any and all proceedings including trial, and this matter was reassigned to Magistrate Judge Paul R. Cherry on December 13, 2006. Accordingly, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## FINDINGS OF FACT

1. Plaintiff began working for the City of Gary on June 8, 1998, as a truck driver in the Redevelopment Department, In-House Demolition.

2. When Plaintiff began his employment, he received an employee manual containing Defendant's policies and rules governing the conduct of its employees.

3. Plaintiff did not receive or sign an employment contract from the Defendant, but was a member of the International Brotherhood of Teamsters Union Local 142 ("the Union"), which had a collective bargaining agreement with the Defendant.

4. As part of his duties, Plaintiff hauled debris from buildings under demolition, using trucks owned by the City of Gary.

5. The debris that Plaintiff hauled away from demolition sites were taken to a landfill owned by Enterprise Trucking and Waste Hauling, Inc.

6. At trial, Plaintiff testified that after work hours, using his own vehicle, he returned to the demolition sites that he was assigned to while working for Defendant to "harvest" used bricks. Plaintiff removed bricks from the demolition sites along with other City citizens (non-employees).

7. After removing the bricks from the demolition sites, Plaintiff delivered the bricks to a brickyard in South Chicago where he sold the bricks for approximately $50.00 to $80.00 per skid. Plaintiff was originally paid in cash, and later by check.

8. Plaintiff testified at trial that each skid contained approximately 530 bricks.

9. Plaintiff delivered bricks to the brickyard in South Chicago approximately once or twice per week for an unspecified period of time.

10. On the occasions when Plaintiff observed other City of Gary employees at the demolition sites after work hours, he testified at trial that he did not know if they were harvesting bricks.

11. Plaintiff removed bricks, after work hours, from the demolition sites without the City of Gary's consent.

12. In response to citizen complaints, on August 20, 2003, the City of Gary, through Vanesse R. Dabney, Director of the Department, distributed to Department of Redevelopment employees an "Inner-Office Memorandum" notifying its employees that "city employees are not allowed to [scrap] building materials of any sort, on or off city time." Def. Exh. A. Further, the Memorandum provided that "[a]ny employee found in violation of this direct order will be discipline[d] to the fullest extent." *Id.*

13. The August 20, 2003 Memorandum also provided that the "salvage rights for properties scheduled to be demolished are those of the City of Gary solely. Individual employees of the City of Gary have no rights to any of the building materials or its contents." *Id.*

14. At trial, Plaintiff testified that the Defendant notified him on three occasions not to take bricks; once in a memorandum, and twice verbally.

15. Vanesse Dabney sent a letter to Plaintiff, dated September 11, 2003, in which she notified Plaintiff that she observed him scrapping bricks at 768 Broadway on September 10, 2003, and that because this constituted a violation of the direct order against scrapping building materials on or off city time, Plaintiff was suspended for one day at the discretion of his supervisor.

16. At trial, Plaintiff testified that he did not disagree that he was observed scrapping on September 10, 2003, and that he was suspended one day for doing so.

17. In a Memorandum addressed to the Plaintiff, dated November 19, 2003, Vanesse Dabney notified Plaintiff that he had been informed on two occasions of the Defendant's policy prohibiting its employees from scrapping building materials on or off work time. The Memorandum further provided that on November 13, 2003, three Department of Redevelopment staff members observed Plaintiff scrapping building materials from the property at 1076 Fillmore Street. As a result, Plaintiff

was suspended for five days without pay pursuant to the "City of Gary's Personnel Policy, page 94 entitled 'Disciplinary Procedures', section A. Statement of Policy and B. Implementation, number 3. b." Def. Exh. C. Further, the Memorandum notified Plaintiff that a further violation of the City's policy against scrapping would result in Plaintiff being suspended indefinitely, pending termination.

18. After receiving the suspension, Plaintiff filed a Grievance with the Union on November 21, 2003, indicating that he was suspended for five days without pay.

19. In a letter dated March 5, 2004, Shirley Walls, the Human Resources Director for Defendant, notified Plaintiff that as a result of a Personnel Committee Hearing held on February 26, 2004, he was found to be in violation of work rule A-1, which provided that "No employee shall steal or misappropriate any property belonging to the City of Gary." Def. Exh. D. As a result, Plaintiff's employment was terminated, effective February 2, 2004.

20. A March 5, 2004 Letter did not result in Plaintiff's final termination of employment with the City of Gary; Plaintiff testified that he did not receive a March 5, 2004 letter.

21. In a November 30, 2005 Memorandum from Walter Peasant, the Assistant Director, Defendant notified Plaintiff that effective November 30, 2005, Plaintiff was being suspended without pay pending termination for violating City of Gary Personnel Work Rules A-1 and A-5. Rule A-1 provides that: "No employee shall steal or misappropriate any property belonging to the City of Gary, any employee of the City, any contractor working for the City of (sic) working on the City's property, or any visitor. The employee will be responsible for reimbursing any injured party." Def. Exh. E. Rule A-5 provides that: "No employee shall remove City property from the City's premises without written permission from management." *Id.* The Memorandum further provided that on November 29, 2005, Plaintiff was seen removing brings from an In-House Demolition work site and

5

that he was witnessed removing bricks from other work sites during working hours. Further, the Memorandum provided that Plaintiff's supervisor warned him numerous times not to remove bricks from a demolition site.

22. In a letter dated December 16, 2005, Shirley Walls notified Plaintiff that following the findings of a December 16, 2005 Personnel Committee Hearing, Plaintiff's department head's decision to terminate his employment with the City of Gary was going to be upheld, effective November 30, 2005.

23. At trial, Plaintiff testified that he attended a hearing prior to receiving the termination letter, during which he was able to speak on his own behalf.

24. The evidence is silent or unclear as to why Plaintiff's employment was terminated effective November 30, 2005 (*see* Def. Exh. E) after his employment was previously terminated effective February 2, 2004 (*see* Def. Exh. D).

**CONCLUSIONS OF LAW**

Plaintiff originally brought this suit alleging age discrimination under the ADEA, 29 U.S.C. § 621 *et seq.*, retaliation, and wrongful discharge. At the Final Pretrial Conference, and again at the September 1, 2009 bench trial, Plaintiff stated that he withdrew the age discrimination claim. Accordingly, the Court finds that Plaintiff's age discrimination claim under the ADEA is withdrawn.

Although Plaintiff withdrew his age discrimination claim, he did not indicate that he withdrew his retaliation claim. Plaintiff may establish a *prima facie* case of retaliation under the direct or indirect method. *Kodl v. Bd. of Educ. School Dist. 45, Villa Park*, 490 F.3d 558, 562 (7th Cir. 2007). Under the direct method, Plaintiff must show that (1) he engaged in statutorily protected

activity, (2) he suffered an adverse employment action taken by his employer, and (3) there is a causal connection between the protected activity and the adverse employment action. *Id.* Under the indirect method, Plaintiff must show that he "(1) engaged in statutorily protected expression, (2) met the employer's legitimate expectations, (3) suffered an adverse employment action, and (4) was treated less favorably than similarly situated employees who did not engage in statutorily protected expression." *Id.* In Plaintiff's Complaint, he alleges in his allegations of age discrimination that "Defendant also illegally retaliated against Plaintiff by discharging him following his complaints regarding harassment." Pl.'s Compl. ¶ 9.

To constitute a protected expression, "the complaint must indicate the discrimination occurred because of . . . some . . . protected class. Merely complaining in general terms of . . . harassment, without indicating a connection to a protected class or providing facts sufficient to create that inference, is insufficient." *Id.* at 563 (quoting *Tomanovich v. City of Indianapolis*, 457 F.3d 656, 663 (7th Cir. 2007)). At trial, Plaintiff presented evidence that he filed Grievance Reports with the Union. After reviewing the Grievance Reports that were admitted at trial, only two of the Reports complain about harassment. The Grievance Report that Plaintiff filed on October 10, 2002, alleges that on his first day of vacation, Michael Shell, Plaintiff's foreman, made an unannounced visit to Plaintiff's home and alleged that Plaintiff is "being constantly harass[ed] on all [f]ronts by Michael Shell [and] Bonney Harris." Pl. Exh. 15. Further, the Grievance Report that Plaintiff filed on December 23, 2002, alleges that Defendant is trying to force Plaintiff into early retirement and for Defendant to "Stop Harassment." Pl. Exh. 13. Although Plaintiff generally alleges in the Grievance Reports that he is being harassed, neither Grievance alleges what harassment he endured or whether the harassment was because of his age or any protected class, instead alleging harassment in general.

7

Accordingly, Plaintiff fails to make a connection between the alleged harassment and his age or any protected class.

Further, Plaintiff has failed to provide evidence supporting that he was treated less favorably than similarly situated employees who did not file grievances. Therefore, the Court finds that Plaintiff has failed to establish a *prima facie* case of retaliation under the direct and indirect methods, and his retaliation claim fails.

Next, Plaintiff alleges that he was wrongfully discharged from his employment with Defendant "solely for exercising his statutorily-conferred right to resist and complain about unlawful discrimination and harassment." Pl.'s Compl. ¶ 15. "Traditionally, Indiana has recognized two forms of employment: (1) employment at will; and (2) employment for a definite or ascertainable time." *Bregin v. Liquidebt Sys., Inc.*, No. 1:06-CV-23-TS, 2008 WL 150611, at *11 (N.D. Ind. Jan. 14, 2008). At trial, Plaintiff testified that he did not receive an employment contract while he worked for Defendant, although he was a member of the Union. Therefore, the Court finds that he was an at-will employee, subject to the terms of a collective bargaining agreement.[1] *See Bentz Metal Products Co., Inc. v. Stephans*, 657 N.E.2d 1245, 1248-49 (Ind. Ct. App. 1995) (holding that because the union contract under which the plaintiff worked was for an indefinite period of time, he was an at-will employee). Under Indiana's employment at will doctrine, either party may terminate the employment at any time for "good reason, bad reason, or no reason at all." *Meyers v. Meyers*, 861 N.E.2d 704, 706 (Ind. 2007). Indiana courts have recognized public policy exceptions to the employment at-will doctrine, but only on "rare occasions." *Id.* "This means that, in Indiana, an employer's decision to discharge an at-will employee does not fall within a recognized exception to

---

[1] Although Plaintiff is the member of the Union, no evidence was presented at trial regarding the terms of the collective bargaining agreement sufficient for the Court to find that Plaintiff was not an at-will employee.

the employment at-will rule unless the plaintiff demonstrates 'that he was discharged in retaliation for either having exercised a statutorily conferred personal right or having fulfilled a statutorily imposed duty.'" *Bregin*, 2008 WL 150611, at *12 (quoting *Campbell v. Eli Lilly & Co.*, 413 N.E.2d 1054, 1061 (Ind. Ct. App. 1980)). In Plaintiff's Complaint, he alleges that he was discharged for exercising his statutory right to resist and complain about unlawful discrimination. However, as previously noted, to the extent that Plaintiff complained about harassment, he did so on a very general basis, and the Court cannot conclude that he exercised a statutorily conferred personal right in doing so.

At trial, Plaintiff testified that he understood that he was fired for stealing City property by harvesting bricks from City demolition sites after work hours, in violation of the Defendant's policy against scrapping. Plaintiff did not provide direct evidence that he was fired for complaining about alleged discrimination or harassment. Accordingly, because Plaintiff was an at-will employee and did not present evidence indicating that he was discharged for exercising a statutorily conferred personal right, Defendant could fire Plaintiff for any reason, and in fact did so on the basis of Plaintiff violating its scrapping policy. Therefore, the Court finds that Plaintiff fails to establish a wrongful discharge claim.

Next, Plaintiff argued at trial that Defendant violated his rights under the 14th Amendment by terminating his employment for harvesting bricks after work hours, while citizens were permitted to do so, and that Defendant cannot regulate what he can do when he leaves work. At no time throughout the pendency of this litigation did Plaintiff amend his Complaint to add a 14th Amendment claim. However, Defendant did not object at trial to Plaintiff raising this new claim.

9

Accordingly, in the interests of justice, the Court will evaluate Plaintiff's 14th Amendment claim on the merits.

Given that Plaintiff argued at trial that he was essentially treated differently than other citizens, in that as a City of Gary employee he could not harvest bricks while other non-employees were permitted to, Plaintiff appears to allege an equal protection claim under the 14th Amendment. At trial, Plaintiff argued that his 14th Amendment rights were being violated by being discriminated against by the Defendant. Accordingly, the Court assumes that Plaintiff is proceeding pursuant to Title 42 U.S.C. § 1983, which imposes liability for violations of rights secured by the Constitution or federal law. *Jackson v. Byrne*, 738 F.2d 1443, 1445 (7th Cir. 1984).

To state a claim under the Equal Protection clause of the 14th Amendment, a plaintiff must show that (1) he is a member of a protected class; (2) that he is otherwise similarly situated to members of an unprotected class; (3) that he was treated differently from members of the unprotected class; and (4) that the defendant acted with discriminatory intent. *McPhaul v. Bd. of Com'rs of Madison County*, 226 F.3d 558, 564 (7th Cir. 2000). "To state an equal protection claim, a § 1983 plaintiff must allege that a state actor purposefully discriminated against him because of his identification with a particular (presumably historically disadvantaged) group." *Sherwin Manor Nursing Center, Inc. v. McAuliffe*, 37 F.3d 1216, 1220 (7th Cir. 1994). Here, Plaintiff did not present evidence at trial in support of him being a member of a protected group. Although Plaintiff originally alleged an age discrimination claim, he withdrew that claim before and at trial. At trial, despite alleging that he was being discriminated against, he did not allege that he was being discriminated against on some unjustifiable basis, such as race, religion, or other protected class.

Further, Plaintiff failed to provide evidence indicating that Defendant's decision to terminate him was based on any discriminatory animus. The evidence submitted at trial indicates that Plaintiff was fired for repeatedly violating Defendant's policy against scrapping. At trial, Plaintiff testified that he understood that he was terminated for violating Defendant's policy, which meant that he allegedly stole City property. Plaintiff provided no evidence that Defendant terminated him for filing grievances with the union or for any reason other than for violating the Defendant's policy against scrapping. Further, Plaintiff's testimony at trial indicates that he was aware of the policy against scrapping but disagreed with it and repeatedly violated it. Yet, Plaintiff failed to provide a legal basis for his claim that Defendant could not adopt policies regulating his conduct after he left work.

As Defendant provided in the August 20, 2003 Inter-Office Memorandum to its employees, in response to citizen complaints, Defendant notified its employees that "city employees are not allowed to [scrap] building materials of any sort, on or off city time." Def. Exh. A. The Memorandum also provided that the "salvage rights for properties scheduled to be demolished are those of the City of Gary solely," and that individual employees had no rights to any of the building materials or its contents. *Id.* Further, City of Gary Personnel Rule A-1 provides that: "No employee shall steal or misappropriate any property belonging to the City of Gary, any employee of the City, any contractor working for the City of (sic) working on the City's property, or any visitor. The employee will be responsible for reimbursing any injured party." Def. Exh. E. At trial, Plaintiff argued that he did not steal anything of value from the City of Gary as the bricks that he harvested were trash and had no value, and that he essentially did nothing wrong. However, Plaintiff also testified that he harvested bricks from the demolition sites where he worked during work hours and that he was able to sell the bricks for $50.00 to $80.00 per skid and did so approximately twice per

11

week. The Court finds that the Defendant's scrapping policy is a reasonable attempt to protect the City of Gary's salvage rights for the properties that it demolishes, especially where, as here, employees may profit from the building material. The evidence at trial supports that the policy was applied to all employees and not just the Plaintiff. Plaintiff did not present any evidence at trial indicating that other employees were allowed to harvest bricks, while Plaintiff was not. Accordingly, Plaintiff's disagreement with Defendant's policy does not provide him with a legal basis to show discriminatory intent by the Defendant in terminating him for his repeated violation of the scrapping policy.

The crux of Plaintiff's 14th Amendment argument is that Defendant violated his constitutional rights by firing him for harvesting bricks after work, while non-employee citizens were allowed to do so. As discussed, Plaintiff did not argue at trial that he was being treated differently based on membership in a protected class or group. "A plaintiff may allege an equal protection class-of-one violation when discrimination or unequal treatment is not based on membership in a particular class or group." *Sellars v. City of Gary*, 453 F.3d 848, 850 (7th Cir. 2006). To prevail under this theory, a plaintiff must show that he was "(1) intentionally treated differently from others similarly situated and that there is no rational basis for that treatment, or (2) that the government is treating similarly situated individuals differently because of a 'totally illegitimate animus' for the plaintiff." *Aida Food and Liquor, Inc. v. City of Chicago*, 439 F.3d 397, 402-03 (7th Cir. 2006). However, class-of-one claims are not available in public employment contexts. *Engquist v. Oregon Dept. of Agr.*, 128 S. Ct. 2146, 2148-49 (2008).[2] Nonetheless, even if Plaintiff could rely on a class-

---

[2] In particular, the Supreme Court reached its conclusion that class-of-one claims are not available in public employment contexts based on the government's managerial discretion as an employer and the government's interest as an employer in efficient and effective management of its workplace. *See Engquist*, 128 S. Ct. at 2153-57. To allow a class-of-one claim, the Supreme Court reasoned, would run contrary to the employment at will doctrine and transform

12

of-one claim, because he has not shown that he has been treated differently from similarly situated persons[3] and has not presented any evidence of discriminatory animus against him, his claim would fail.

Accordingly, the Court finds that Plaintiff fails to establish that his right to equal protection under the 14th Amendment has been violated. Therefore, the Court finds that Plaintiff's equal protection claim under the 14th Amendment fails.

Further, to the extent that Plaintiff may claim that his due process rights were violated under the 14th Amendment, this claim would also fail. "The government may not deprive a person of life, liberty, or property without due process of law." *Horstmann v. St. Clair County, IL.*, 295 F. App'x 61, 63 (7th Cir. 2008). Due process contains a substantive and procedural component. *See id.* at 63-64. To succeed on a procedural due process claim, a plaintiff must demonstrate a cognizable property interest, a deprivation of that interest, and a denial of due process. *Id.* at 63. Because the evidence at trial supports that Plaintiff was an at-will employee who could be fired any time, with or without cause, he has no protected property interest in continued employment. *Kreig v. Seybold*, 427 F. Supp. 2d 842, 859 (N.D. Ind. 2006). Nonetheless, even if Plaintiff had a property interest in his employment, Defendant offered him "the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). The evidence admitted at trial supports that Defendant held a hearing prior to terminating the Plaintiff. The December 16, 2005 letter from Shirley Walls informed Plaintiff that following the findings of a December 16, 2005

---

every wrongful employment decision into an equal protection claim to be defended in court. *Id.* at 2156-57.

[3] In fact, to the extent that Plaintiff testified at trial that he saw other City of Gary employees at the demolition sites while he was harvesting bricks, he provided that he did not know if they were also harvesting bricks. Further, Plaintiff failed to provide evidence at trial that other City of Gary employees were permitted to harvest bricks while Plaintiff was not.

13

Personnel Committee Hearing, Plaintiff's department head's decision to terminate his employment with the City of Gary was going to be upheld, effective November 30, 2005. At trial, Plaintiff testified that he attended a hearing prior to receiving the termination letter, and that he was able to speak on his own behalf. Accordingly, Plaintiff's procedural due process claim fails.

Further, Plaintiff's substantive due process claim fails. "The scope of the protections afforded by substantive due process is limited, however, and applies only to decisions affecting fundamental rights." *Horstmann*, 295 F. App'x at 64. Employment rights are state created rights and do not rise to the level of a "fundamental" right protected by substantive due process. *Id.* Here, as an at-will employee, Plaintiff had no right to his employment with Defendant.

Therefore, after reviewing all the evidence, the Court finds that Plaintiff has failed to satisfy his burden of showing a violation of his rights under the 14th Amendment pursuant to § 1983.

## CONCLUSION

**IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED** that Plaintiff Mitchell Calhoun take nothing by his Complaint and judgment is entered in favor of Defendant City of Gary, Indiana. The Clerk of this Court is **DIRECTED** to enter final judgment accordingly.

So ORDERED this 8th day of September, 2009.

s/ Paul R. Cherry  
MAGISTRATE JUDGE PAUL R. CHERRY  
UNITED STATES DISTRICT COURT

cc: All counsel of record, *Pro Se* Plaintiff Mitchell Calhoun